**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUPERMEDIA LLC,**

                     **Plaintiff,**

**-vs-**                                                  **Case No.  6:10-cv-249-Orl-31GJK**

**ACE ELECTRICAL SERVICE, INC.,**

                     **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, ACE ELECTRICAL SERVICE, INC. (Doc. No. 11)** |
| **FILED:** | **August 4, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.**    **BACKGROUND**

On February 11, 2010, Supermedia LLC, formerly known as Idearc Media LLC, formerly known as Verizon Directories Corp., ("Plaintiff") filed a complaint (the "Complaint") against Ace Electrical Service, Inc. ("Defendant") alleging breach of contract. Doc. No. 1.  Plaintiff states that Defendant entered into several written agreements (collectively, the "Contract") with Plaintiff for directory advertising in various telephone directories published by Plaintiff. *Id.* at 2.

The advertising charges were billed in monthly installments and charges commenced after the advertisements were published. *Id.* As of August 12, 2008, Plaintiff and Defendant agreed that Defendant's outstanding balance was $632,942.10. *Id.* Plaintiff and Defendant entered into a settlement agreement (the "Agreement") wherein they agreed to reduce the debt to $405,000.00 and established a payment plan for the Defendant which consisted of monthly payments of $11,250.00 for thirty-six (36) months. *Id.*; Doc. No. 1-3. Plaintiff alleges that from August 2008 through July 2009, Defendant made payments in compliance with the Agreement. Doc. No. 1 at 2. However, in August 2009, Defendant stopped making payments and although Plaintiff has demanded payment, Defendant has refused to pay the outstanding balance. *Id.* Therefore, Plaintiff seeks judgment against Defendant for compensatory damages plus interest, attorneys' fees and costs. *Id.* at 3-4.

On March 8, 2010, the Complaint was served on the Defendant. Doc. No. 6. Defendant failed to respond to the Complaint, and on June 15, 2010, default was entered against Defendant. Doc. No. 9. On August 4, 2010, Plaintiff filed a Motion for Final Default Judgment Against Defendant (the "Motion"). Doc. No. 11. Attached to the Motion is an affidavit of Christine Dempsey ("Ms. Dempsey"), who is employed by Plaintiff. Doc. No. 11-2. Plaintiff states that as of August 4, 2010, Defendant owes Plaintiff $272,625.00 for unpaid advertising services, which includes accrued interest. Doc. No. 11 at 2. Pursuant to the Contract, Defendant owes Plaintiff interest at a rate of eighteen percent (18%) per annum. Doc. No. 11 at 2; Doc. No. 11-1 at 2. Plaintiff states that interest continues to accrue at 1.38% monthly. Doc. No. 11 at 2.

Based on the foregoing, Plaintiff requests an entry of default final judgment. Defendant has failed to respond to the Motion.

## II. LAW AND ANALYSIS

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Rule 55(b)(1), Federal Rules of Civil Procedure, states:

> ***By the Clerk.*** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. V. Huynh*, 318 F. Supp.2d 1122, 1129 (M.D. Ala. 2004) (*citing Directv, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)).

"The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Kaloe Shipping Co. Ltd. V. Goltens Service Co., Inc.*, 315 Fed.Appx.

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

877, *3 (11th Cir. 2009) (quoting *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999)).

After reviewing the Complaint, the Motion and the attached affidavit, it is recommended that the Court find that the Defendant's breach of the Agreement should be reduced to judgment. As of August 4, 2010, Defendant has a past due balance of $272,625.00, including accrued interest. Accordingly, Plaintiff is entitled to recover the total balance, plus interest at a rate of 1.38% per month through the date of judgment. Thereafter, Plaintiff is entitled to post-judgment interest at the rate allowed by law.

      **THEREON** it is **RECOMMENDED** that:

1. Plaintiff's Motion be **GRANTED**;
2. Plaintiff be awarded $272,625.00 plus prejudgment interest at a monthly rate of 1.38% from August 5, 2010 through the date of judgment against the Defendant;
3. Plaintiff be awarded post-judgment interest at the rate allowed by law; and
4. The Court reserve jurisdiction to determine an award of reasonable attorneys' fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 3, 2010.

                                               */s/ Gregory J. Kelly*
                                               GREGORY J. KELLY
                                             UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party by Certified Mail